## CUYLER v. TRUSTEES OF PALMYRA.

*Certiorari — only completed proceedings reviewed by.*

In proceedings by certiorari to review the action of the trustees of a village in relation to the assessment of a tax, it did not appear that the respondents had, in any manner, adjudicated or determined that any tax be laid. *Held*, that the certiorari was prematurely allowed. This writ does not go to inferior courts, tribunals or officers, exercising judicial functions, until the proceedings before them are completed, and a final determination or adjudication had.

CERTIORARI upon the relation of George W. Cuyler and others, to review proceedings of the respondents, the trustees of the village of Palmyra, to levy a tax. It was claimed that the proceedings were illegal, not being in conformity to the various statutes relating to the village. Laws of 1861, chap. 144; 1866, chap. 258. Enough facts appear in the opinion.

*Charles McLouth*, for relators.

*George F. Danforth*, for respondents.

E. DARWIN SMITH, J. It is quite clear, I think, that most of the steps taken on the part of the respondents to levy the tax in question, were irregular and not in conformity with the provisions of the charter of said village.

They did, in due form, as required in section 7 of the act incorporating said village, report to the annual meeting of the electors

of said village an estimate of the amount necessary to be raised for the ensuing year, consisting of five items amounting to $4,301.58, but the vote of such meeting was upon such amount in the aggregate, and not upon the specific sum to be appropriated to each object as is required in said statute.

But assuming that the vote of such meeting authorized the levy of the said sum of $4,301.58, the said respondents did not, without delay, proceed to levy said tax then ordered. It does not appear from the return that the said trustees ever voted or resolved to levy said tax. They did not duly deliver to the assessors of said village a statement of the amount to be levied, with the specifications of the purpose for which such money was to be applied as required by said statute.

But if the notice signed by the clerk of the village would satisfy the direction otherwise of the statute, it was incorrect in amount, and did not conform to the vote of the annual meeting, from which the trustees clearly could not depart. This vote constitutes their only authority to levy any tax.

It is quite clear, I think, therefore, that if the proceedings of the assessors had been, in every respect, regular in assessing said tax, and the trustees had confirmed their assessment and issued a warrant to collect the same, such tax would have been illegally laid, and it would be our duty to reverse and set aside such roll and all of the proceedings of the trustees and assessors in preparing, signing and adopting the same.

But as the respondents have not, in fact or in form, levied any tax, or corrected or adopted the said assessment-roll, or signed any warrant for the collection of any tax, or in any manner adjudicated and determined that any tax be laid, and as they may abandon the whole proceedings so abortively and irregularly taken, and take proper steps to levy such tax in a legal and proper manner, it is quite apparent that the writ of certiorari in this case was prematurely allowed and issued.

The writ does not go to inferior courts, tribunals or officers exercising judicial functions till the proceedings before them are completed, and a final determination or adjudication had upon such proceedings. *People* v. *Supervisors of Livingston,* 43 Barb. 237; *Lynde* v. *Noble,* 20 Johns. 80.

The certiorari should therefore be dismissed and quashed with costs to the respondents.

*Ordered accordingly.*